

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 50347 | DATE | 11/26/2002 |
| CASE TITLE | | U.S.A. vs. Hempstead | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Hempstead's motion under 28 U.S.C. § 2255

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Hempstead's motion under 28 U.S.C. § 2255 is denied. This case is dismissed in its entirety.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | NOV 26 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/26/02 date mailed notice | |
| /LC | courtroom deputy's initials | 2002 NOV 26 AM 10:09 | CR mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# MEMORANDUM OPINION AND ORDER

Defendant, Theoplious Hempstead, a federal prisoner who pled guilty and was sentenced by this court on a charge of conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Albeit framed in different ways, Hempstead's essential contention is that he did not understand the difference between "cocaine base" and "crack" – more specifically, that only crack, but not other forms of cocaine base, is subject to enhancement under the sentencing guidelines. Because there was, according to Hempstead, evidence that the substance at issue in his case was a form of cocaine base other than crack, he argues his sentence, which was based on the premise that the substance was crack, is improper.

Although the court is inclined to find Hempstead has waived this entire line of argument by failing to object to the repeated characterization of the substance as crack throughout his criminal proceedings, including specific references to crack in the plea agreement, the Rule 11 hearing, the presentence report ("PSR"), and the sentencing hearing itself, Hempstead has alternatively cast this argument in terms of ineffective assistance of counsel. That is, he claims his lawyer knew about the evidence mentioned above, failed to take advantage of it, and failed to explain to him the significance of the difference between cocaine base and crack for purposes of the sentencing guidelines. Hempstead never filed a direct appeal of his criminal case (and Hempstead does not claim that his lawyer refused to do so against his wishes), so framing the issue in this manner avoids the waiver doctrine, see Bedford v. United States, 975 F.2d 310, 313 n.1 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994), but it also means the issue is procedurally defaulted. Thus, Hempstead must show both cause – i.e., deficient performance by his attorney under the standard set out in Strickland v. Washington, 466 U.S. 668 (1984) – and actual prejudice. See Bedford, 975 F.3d at 313-14 & n.2 (citing Murray v. Carrier, 477 U.S. 478 (1986), and Coleman v. Thompson, 501 U.S. 722 (1991)).

At sentencing the court found the government had not sufficiently proven Hempstead was responsible for additional amounts of crack for purposes of relevant conduct; instead it calculated his base offense level based only on the 50 grams of crack admitted to in the plea agreement. (Doc. No. 96, Sentencing Hearing, pp. 225, 242) Nevertheless, Hempstead claims there was evidence that even this limited amount was not crack, but some other form of cocaine base. Specifically, he points to some laboratory reports produced during discovery that indicate a purity level of cocaine base ranging from 26% to 29% and a few reports in which the cocaine base was mixed with caffeine, not the usual baking soda (sodium bicarbonate). Because of the "low purity levels" and the presence of caffeine, Hempstead argues the government could not have proven the substance was indeed crack cocaine.

Contrary to what Hempstead may think, the low purity level and dilution of the cocaine base with other ingredients do not by themselves establish the substance was not crack, although these factors may serve as indicia that that is the case. But here there is other overwhelming evidence that the substance Hempstead pleaded guilty to was, in fact, crack. (This evidence does not include any of the testimony at the sentencing hearing because, as noted above, the court limited the amount of crack attributable to Hempstead to only what was contained in the plea agreement.) First, Hempstead and his lawyer never objected to, and even specifically admitted, the repeated description of the substance at issue as "crack cocaine" or crack in the plea agreement, the Rule 11 hearing, and the PSR. (Doc. No. 44, Plea Agreement, ¶¶ 5(a), 5(b); Doc. No. 90, Rule 11 Hearing, pp. 10, 19-20; Doc. No. 77, PSR, lines 92-212, 246-270) See United States v. Johnson, 289 F.3d 1034, 1041 (7th Cir. 2002) (defendant's admissions in plea agreement and statements during several status hearings provided "ample basis" for district court to conclude defendant possessed crack cocaine). Second, and perhaps even more to the point, the plea agreement, the Rule 11 hearing, and the PSR all explicitly make clear that the crack "was made by cooking powder cocaine with baking soda (sodium bicarbonate)." (Doc. No. 44, Plea Agreement, ¶ 5(b); Doc. No. 90, Rule 11 Hearing, pp. 19-20; Doc. No. 77, PSR, lines 63-66, 584-87) This is the exact definition of crack cocaine, as now embodied in the sentencing guidelines themselves. See U.S.S.G. § 2D1.1(c), note (D). And, once again, Hempstead and his lawyer either affirmatively admitted to this description of how the crack was made in response to questioning by the court or did not object to it.

Given the repeated and unambiguous references throughout Hempstead's criminal proceedings to crack and crack cocaine, as well as how the crack was made with baking soda, and Hempstead's either explicit or tacit admissions to these facts, the court finds there was more than a sufficient basis for concluding that the substance to which Hempstead pleaded guilty was crack cocaine. Therefore, Hempstead's lawyer was not deficient in failing to raise this issue either with this court or on appeal.

For the reasons stated above, Hempstead's § 2255 motion is denied. This case is dismissed in its entirety.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

U.S.A.  **JUDGMENT IN A CIVIL CASE**

v.  Case Number: 02 C 50347

Hempstead

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant Hempstead's motion under 28 U.S.C. section 2255 is denied. This case is dismissed in its entirety.

Michael W. Dobbins, Clerk of Court

Date: 11/26/2002

Kim Anderson, Deputy Clerk